CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

OCT 20 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| BRENDA F. ELLIS, | ) CASE NO. 5:11CV00008 |
| Plaintiff, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| MICHAEL ASTRUE, Commissioner of Social Security, | ) |
| | ) By: B. Waugh Crigler |
| Defendant. | ) U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's June 11, 2007 application for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the plaintiff's motion for summary judgment and REMANDING this case to the Commissioner for further proceedings.

Plaintiff filed her first application for benefits on June 30, 2004 alleging disability commencing February 1, 2004. (R. 80, 82.) The claim was heard before an Administrative Law Judge ("Law Judge") on February 9, 2007, and a decision was issued on February 28, 2007. (R. 80-87.) The Law Judge noted that plaintiff offered no treating source evidence before him, determined that plaintiff possessed the residual functional capacity to perform limited range of

sedentary work, and based on the hearing evidence offered by a vocational expert ("VE") found that jobs existed in the economy which plaintiff could perform. (R. 83, 86.) Accordingly, the claim was denied. Plaintiff did not request further review, thus rendering this first decision *res judicata* through March 1, 2007, the day following the Law Judge's decision. See 20 C.F.R. § 404.955.

On June 11, 2007, plaintiff filed the instant application for benefits alleging disability onset beginning March 1, 2007, which application eventually was heard by a second Law Judge. (R. 11, 14.) Additional evidence was adduced at the hearing, but no VE was called to testify. (R. 22-48.) In a decision dated March 10, 2010, the Law Judge found that plaintiff had not engaged in substantial gainful activity from March 1, 2007 through December 31, 2008, the date she was last insured. (R. 14.) The Law Judge determined that the plaintiff's fibromyalgia and an affective disorder were severe impairments. (*Id.*) He concluded that the plaintiff did not suffer an impairment or combination of impairments which met or equaled a listed impairment. (*Id.*) The Law Judge found that plaintiff possessed the residual functional capacity ("RFC") to perform sedentary work through the date she was last insured, with certain limitations. (R.15.) He found that, due to her musculoskeletal impairments, plaintiff should not climb ropes, ladders, or scaffolds and should only occasionally stoop. (*Id.*) He also found plaintiff could not perform work around dangerous machinery or unprotected heights. (*Id.*) Due to plaintiff's mental impairments, the Law Judge determined that: a) she would have moderate difficulties in social functioning and in concentration, persistence, and pace; and b) she would be limited to simple, routine, unskilled tasks involving no more than occasional stress (to exclude production line work) and involving no more than occasional contact with co-workers, supervisors, or the public. (R.

15-16.) While the Law Judge concluded that plaintiff did not possess the RFC to perform her past relevant work as a housekeeper, he found that other jobs existed in substantial numbers in the national economy that she could perform. (R. 19-20.) The Law Judge, thus, determined that the plaintiff was not disabled under the Act. (R. 21.)

Plaintiff appealed the Law Judge's March 10, 2010 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527- 404.1545; *Hayes v, Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F. 2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. 20 C.F.R. § 404.1527; *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

Both in her brief and in her counsel's oral argument before the undersigned, plaintiff contends that the Law Judge failed to apply correct legal standards and that the final agency decision is not supported by substantial evidence for several reasons. First, plaintiff argues that the additional treating source evidence adduced from Donald Martin, M.D. and submitted before the second Law Judge was not given the weight it was due under the Commissioner's regulations.

3

Second, she contends that the Law Judge did not perform a pain analysis as the regulations required. Third, plaintiff notes that no VE testified at the second proceeding, and that the Law Judge simply relied on the vocational evidence from the first hearing, which no longer was relevant in light of the additional treating source evidence submitted in support of her the subsequent application. Fourth, plaintiff points out that the second Law Judge's determination of plaintiff's RFC, as well as his other findings, are little more than repetitions of the findings by the first Law Judge's findings which did not have the benefit of the additional evidence.

The Commissioner takes the position that the substantial evidence in the record supports the findings and conclusions of the second Law Judge. In his brief, the Commissioner first takes umbrage with the failure of the plaintiff to point out transcript references to support her contentions before the court. (Commissioner's Brief, p. 10.) Second, he offers that the treating source evidence amounted to bald diagnoses without objective test support allowing the Law Judge to rely on the evidence of the State agency physicians as substantial evidence supporting his conclusions that plaintiff's limitations did not prevent her from performing alternate gainful activity. (*Id.* at pp. 11-14.) The Commissioner's counsel further offered at oral argument that Dr. Martin's evidence does not relate to the relevant period under consideration, and that any medical changes during the interim between the first application and the second application related to arthritis in the eye and a sleep disturbance. The Commissioner also disputes in his brief whether additional vocational evidence was needed because of what he sees as no changes in plaintiff's medical condition, and offers that plaintiff's daily activities support the Law Judge's RFC, notwithstanding the low GAF score. (*Id.* at pp. 14-18.)

4

On February 19, 2010, plaintiff's rheumatologist, Dr. Martin, completed a fibromyalgia questionnaire. (R. 763-767.) Dr. Martin noted that he had first seen plaintiff in March 2008, and that he had seen her approximately every six months thereafter. (R. 763.) The rheumatologist further noted that plaintiff had been diagnosed with fibromyalgia, chronic fatigue and a history of iritis. (*Id.*) Dr. Martin believed that plaintiff's symptoms were chronic in nature, and that she had pain-positive tender points. (*Id.*) Dr. Martin opined that plaintiff could not walk even one city block without rest or severe pain. (R. 765.) Plaintiff could sit or stand for only fifteen minutes at one time, and she could only sit or stand/walk for less than two hours in an eight-hour workday. (*Id.*) Dr. Martin believed that plaintiff could only occasionally lift and carry less than ten pounds and could never lift and carry ten pounds. (R. 766.) The rheumatologist believed plaintiff's impairments were likely to produce "good days" and "bad days," and that her impairments or treatment for her impairments would cause her to miss more than four days of work per month. (*Id.*) Most significantly, Dr. Martin opined that plaintiff's work-preclusive limitations existed as far back as 1998. (*Id.*)

While Dr. Martin's functional assessment was dated after plaintiff's insured period expired, it is clear that he had begun treating her at RMH Rheumatology in March 2008, some eight months before her insured status expired. (Compare R. 763-767 with R. 551-563.) Moreover, Dr. Martin appears to have had sufficient access to plaintiff's medical records from Rockingham Memorial Hospital to permit him to relate plaintiff's impairments and limitations back to 1998. The Law Judge's explanation for not giving controlling weight to the treating evidence was that the treating source opinions were not "well-supported by medically acceptable

5

clinical and laboratory diagnostic techniques[.]" (R. 19.) Given the depth and breadth of the treating source evidence in this case, that rationale is conclusory if not "canned."

More than that, the record of the second application is replete with additional evidence that plaintiff suffered non-exertional limitations on her ability to perform work-related activities. If the Commissioner desired to discharge his burden of coming forward at this stage of the sequential evaluation process with evidence, apart from the Medical-Vocational Guidelines ("grids")[1] that demonstrated the availability of gainful work to a person with plaintiff's limitations, the testimony of a VE was required. *See* 20 C.F.R. § 404.1566 (The Commissioner may meet his burden, where appropriate, by relying on the grids or, where required, by calling a VE to testify). Because there was additional evidence for which the VE in the first application did not account, one needed to be called here.

While the undersigned is tempted to find that the Commissioner risked reversal, at least by remanding the case to take vocational evidence, the undersigned will only find that good cause exists to remand the case for further proceedings in which the Commissioner may either grant benefits or conduct supplemental proceedings in which vocational evidence may be taken and cross examined. Thus, it is RECOMMENDED that an Order enter GRANTING the plaintiff's motion for summary judgment and REMANDING this case to the Commissioner for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g).

---

[1] The grids, located at 20 C.F.R. Part 404, Subpart P, Appendix 2, are tables "'that indicate the proper disability determinations for various combinations of age, education, and previous work experience in conjunction with the individual's RFC, *i.e.,* his maximum capacity for sustained performance of the physical and mental requirements of the job.'" *Christmas v. Astrue,* 2010 WL 1027492, * 3 n. 4 (W.D.Va. March 17, 2010) (quoting *Hall v. Harris,* 658 F.2d 260, 265 (4th Cir.1981)).

Case 5:11-cv-00008-MFU-BWC Document 20 Filed 10/20/11 Page 6 of 7 Pageid#: 874

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/
U.S. Magistrate Judge

October 20, 2011
Date